FILED

05/19/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0724

DA 25-0724

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 110N

RONALD ALLEN TROW,
RODNEY OWEN SKURDAL,

     Plaintiffs and Appellants,

  v.

STATE OF MONTANA,
YELLOWSTONE COUNTY,

     Defendants and Appellees.

| | |
|---|---|
| APPEAL FROM: | District Court of the Thirteenth Judicial District, In and For the County of Yellowstone, Cause No. DV-25-0853 Honorable Donald L. Harris, Presiding Judge |

COUNSEL OF RECORD:

     For Appellants:

          Ronald Allen Trow, Self-Represented, Shepherd, Montana

          Rodney Owen Skurdal, Self-Represented, Pompey Pillar, Montana

     For Appellee Yellowstone County:

          Steven T. Williams, Deputy Yellowstone County Attorney, Billings, Montana

     For Appellee State of Montana:

          Thomas J. Jodoin, Risk Management Tort Defense Division, Helena, Montana

Submitted on Briefs:  May 6, 2026
Decided:  May 19, 2026

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Ronald Allen Trow (Trow) and Rodney Owen Skurdal (Skurdal) filed a declaratory judgment action in the Montana Thirteenth Judicial District Court for Yellowstone County alleging that Yellowstone County Justice of the Peace Jeanne Walker violated their rights when she did not allow Skurdal to represent Trow in Trow's criminal case pending before her. Walker did not allow Skurdal to represent Trow because Skurdal is not an attorney.

¶3 This issue was resolved in *Skurdal v. Walker*, 2025 MT 174, 423 Mont. 282, 573 P.3d 762, where we held that Walker did not err in concluding that Skurdal, because he was not an attorney, could not represent Trow. Here, the District Court, relying on our earlier determination in *Skurdal*, held that Skurdal and Trow are collaterally estopped from arguing that Judge Walker must allow Skurdal to represent Trow. We agree. *See Reisbeck v. Farmers Ins. Exch.*, 2020 MT 171, 400 Mont. 345, 467 P.3d 557. All the elements of collateral estoppel have been met.

¶4 Affirmed.

¶5 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the

Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

/S/ LAURIE McKINNON

We Concur:

/S/ CORY J. SWANSON
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ BETH BAKER